UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOEL POMERENE MEMORIAL HOSPITAL,** | ) ) ) | **CASE NO. 5:08CV1941** |
| Plaintiff, | ) ) | **JUDGE SARA LIOI** |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| **ROBERT L. HALTERMAN,** | ) ) | |
| Defendant. | ) | |

This Memorandum Opinion and Order arises out of Defendant Robert Halterman's ("Defendant") Rule 12(b)(3) Motion to Dismiss. (Doc. No. 8.) For the reasons that follow, Defendant's motion is treated as a Rule 12(b)(6) motion and is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 12, 2008, Plaintiff Joel Pomerene Memorial Hospital ("Plaintiff") filed a Complaint in this Court alleging breach of contract and unjust enrichment. (Doc. No. 1.) The contract contains a forum selection clause stating: "This agreement shall be governed by and construed in accordance with the laws of the state of Ohio with Holmes County, Ohio being the designated place of venue." (Compl. Ex. A, at 13.) On October 2, 2008, Defendant filed a Rule 12(b)(3) motion to dismiss for improper venue. (Doc. No. 8.) Defendant argues that the clause requires the suit to be brought in a state court located in Holmes County, Ohio, and thus the current action should be dismissed because it was filed in federal court for the Northern District of Ohio, located in Summit County, Ohio. (*Id.*) On November 3, 2008, Plaintiff filed a Memorandum in Opposition to Defendant's motion to dismiss. (Doc. No. 9.) Defendant timely

filed a reply on December 1, 2008. (Doc. No. 11.)[1]

After reviewing the memoranda, the Court requested additional briefing on two issues: (1) whether the forum selection clause is mandatory or permissive; and (2) whether a forum selection clause may be enforced under a Rule 12(b)(6) motion. (*See* Doc. No. 12.) The Court gave both parties until December 17, 2008 to file supplementary memoranda, not exceeding 12 pages, addressing these two issues. (*Id.*) The parties timely submitted supplementary memoranda. (Doc. Nos. 13, 14.)

## II. LAW AND ANALYSIS

Defendant argues that Plaintiff's action should be dismissed pursuant to a motion made under Rule 12(b)(3), or, alternatively, under Rule 12(b)(6).

### A. Analysis under Rule 12(b)(3)

This case is founded on diversity jurisdiction under 28 U.S.C. § 1332. For diversity cases, an action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(1)-(2). Both parties admit that a substantial part of the events or omissions giving rise to the claims in this action occurred in the Northern District of Ohio, where Plaintiff is located, and thus venue is statutorily proper under § 1391. The Court must determine if, where venue is proper under § 1391, Defendant may challenge venue with a Rule 12(b)(3) motion by asserting the forum selection clause. For the reasons that follow, the Court finds that Defendant may not.

In *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), the Supreme Court interpreted a forum selection clause providing that any dispute arising out of a contract could be

---

[1] Pursuant to Defendant's motion, this Court granted Defendant until December 1, 2008 to file a Reply. (*See* Orders of 11/14/2008 and 11/17/2008.)

brought only in a federal or state court located in Manhattan. *Id.* at 24. Petitioner filed suit in a district court in Alabama, and Respondent moved to either transfer the case to the Southern District of New York under 28 U.S.C. § 1404(a),[2] or to dismiss the action for improper venue under 28 U.S.C. § 1406(a).[3] *Id.* The Supreme Court determined that under § 1404(a), the presence of a forum selection clause should be "a significant factor that figures centrally in the district court's calculus" of whether to transfer venue under that provision, and it remanded the case for determination of whether transfer was appropriate. *Id.* at 28-29, 32. Importantly, in a footnote the Court noted that "[t]he parties do not dispute that the District Court *properly denied the motion to dismiss the case for improper venue* under 28 U.S.C. § 1406(a) because respondent apparently does business in the Northern District of Alabama." *Id.* at 28 n.8 (emphasis added). Thus, the Supreme Court implicitly approved of the proposition that where venue is proper under § 1391, dismissal under § 1406 is inappropriate.

In *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 536 (6th Cir. 2002), the Sixth Circuit found that footnote 8 of *Ricoh* "made it clear [. . .] that forum selection clauses do not dictate the forum." Specifically, the Sixth Circuit held that "the parties' contractual designation of forum can[not] render the venue dictated by statute 'improper,'" and since the case was removed to the proper venue, venue could not be challenged as "improper" under Rule 12(b)(3).[4] *Id.* at 535. Accordingly, the Sixth Circuit denied a Rule 12(b)(3) motion to enforce a forum selection clause where venue was proper under the removal provisions of 28 U.S.C. § 1441. *Id.*

---

[2] 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
[3] 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought."
[4] Even the dissent in *Kerobo* did not challenge this proposition. *See Kerobo*, 285 F.3d at 540 (Bertelsman, J., dissenting) ("Venue is also proper if the requirements of the federal venue statutes have been met. Here, for example, the propriety of venue under 28 U.S.C. § 1391 and § 1441 is not challenged."). Rather, the dissent argued that a motion raising a forum selection clause should be construed "as one to specifically enforce the clause." *Id.*

The Sixth Circuit remanded the case to the district court to determine whether to transfer the action under § 1404(a)'s transfer of venue provision. *Id.* at 539.

Citing *Kerobo*, in *Sylvester Material, Inc. v. John Carlo, Inc.*, 2005 WL 1176054 (N.D. Ohio May 17, 2005), this Court denied a Rule 12(b)(3) motion to dismiss for improper venue, based on a forum selection clause, where venue was proper under § 1391. *Id.* at *3. This Court held that "if a case is filed in a venue prescribed by 28 U.S.C. § 1391, a forum selection clause will not serve as the basis for granting a [Rule 12(b)(3)] motion to dismiss for improper venue." *Id.* (citing *Kerobo*, 285 F.3d at 536).

Since venue is proper under § 1391, a forum selection clause cannot serve as the basis for granting a Rule 12(b)(3) motion.

**B. Analysis under Rule 12(b)(6)**

While Rule 12(b)(3) is inappropriate, Sixth Circuit precedent indicates that Rule 12(b)(6) is the proper means of enforcing forum selection clauses.[5] *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369 (6th Cir. 1999), involved a forum selection clause that precluded litigation in Tennessee, where the suit was filed.[6] *Id.* at 370. The defendant filed a motion to dismiss under an unspecified subsection of Rule 12(b), and the district court dismissed the case based on the forum selection clause. *Id.* at 371 & n.2. The Sixth Circuit affirmed, but declined to decide which subsection of Rule 12(b) should be used to enforce a forum selection clause. *Id.* at 374-76.

In *Kerobo*, the Sixth Circuit clarified that a forum selection clause could not be enforced under Rule 12(b)(3). *See* Section II.A, *supra*. Importantly, the *Kerobo* court expressly

---

[5] While Plaintiff agrees that Rule 12(b)(6) is appropriate for enforcing a forum selection clause (*See* Pl. Suppl. Mem., Doc. No. 13, at 2-3), the Sixth Circuit has not always been clear on the point at issue here.

[6] The forum selection clause listed the "exclusive forums" as "the Circuit Court for the City of Hampton, Virginia, or the United States District Court for the Eastern District of Virginia, Newport News Division." *Security Watch*, 176 F.3d at 374.

4

distinguished *Security Watch* by noting that "neither the parties nor the district court had attempted to identify which subsection of the rule should govern a motion to dismiss based on a contractual forum selection provision [. . .]." *Kerobo*, 285 F.3d at 535. While implicitly conceding the continued validity of *Security Watch*, *Kerobo* never stated which section of Rule 12(b) would be proper for dismissing a case pursuant to a forum selection clause.

Thus, after *Security Watch* and *Kerobo*, two propositions were clear: (1) a forum selection clause is enforceable under some subsection of Rule 12(b); and (2) a forum selection clause is not enforceable under Rule 12(b)(3). In some ways, the two cases strongly indicated that Rule 12(b)(6) was the proper rule. After all, Rules 12(b)(2), (4), (5), and (7) have no conceivable relevance to enforcing a forum selection clause, and Rule 12(b)(1) does not logically apply because a court's subject matter jurisdiction is defined by statute and Article III of the U.S. Constitution, not by contracts.

But where *Security Watch* and *Kerobo* implied that forum selection clauses can be enforced under Rule 12(b)(6), the recent case *Langley v. Prudential Mortgage Capital Co., LLC*, 546 F.3d 365 (6th Cir. 2008), approved of using that analysis. *Langley* involved a contract dispute brought in a Kentucky federal court, despite a forum selection clause that said all disputes under the contracts "shall be brought only in a state or federal court sitting in New York County in the State of New York." *Id.* at 366. The district court found the contracts invalid, and thus held that the forum selection clause was unenforceable. *Id.* In a per curium opinion, the Sixth Circuit reversed, holding that the contracts and the forum selection clause were valid. *Id.* at 369. Importantly, the Sixth Circuit also stated:

> While we would find the forum selection clause enforceable, Defendant has not yet moved for enforcement of the clause through either a motion to transfer venue under 28 U.S.C. § 1404(a) *or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)* for failure to state a claim.

*Id.* (emphasis added).

Thus, based on Sixth Circuit precedent, this Court finds that Rule 12(b)(6) is the appropriate rule for enforcing a forum selection clause. Therefore, so as to reach the merits of Defendant's claim, this Court, consistent with its inherent power, elects to construe Defendant's Rule 12(b)(3) motion as a Rule 12(b)(6) motion. *See Morris Black & Sons v. Zitone Const. and Supply Co., Inc.*, 2004 WL 2223310, at *2 (E.D. Pa. Oct. 1, 2004) (treating 12(b)(3) motion to enforce a forum selection clause as brought under 12(b)(6)); *compare Alternative Delivery Solutions, Inc. v. R.R. Donnelley & Sons Co.*, 2005 WL 1862631, at *3-4 (W.D. Tex. July 8, 2005) (treating a 12(b)(6) motion to enforce a forum selection clause as brought under 12(b)(3)); *Silo Point II LLC v. Suffolk Const. Co., Inc.*, 578 F. Supp. 2d 807, 809 n.3 (D. Md. 2008) ("[Defendant] mistakenly filed its motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(6). This Court will instead treat the motion for lack of jurisdiction based on the forum selection clause as a motion under Fed. R. Civ. P. 12(b)(3).").

**C. Analysis of the forum selection clause**

In resolving the merits of Defendant's motion to dismiss, the Court must first decide whether the venue selection clause in this case is mandatory or permissive. If mandatory, the Court must then decide whether the venue selection clause allows suit to be brought in the Northern District of Ohio. Each of these points will be discussed below.

1. **Mandatory versus permissive**

"A forum selection clause is mandatory if it clearly indicates that jurisdiction is proper only in the selected forum. By contrast, a permissive forum selection clause merely authorizes jurisdiction in the specified forum, but does not require that forum to be the exclusive venue for litigation." *Braman v. Quizno's Franchise Co., LLC*, 2008 WL 611607, at *6 (N.D.

Ohio Feb. 20, 2008). "Mandatory language indicates that the parties have *selected* a particular forum, while permissive language indicates merely a *preference* for a certain forum." *Cross v. Schneider Fin., Inc.*, 2001 WL 1558297, at *2 (N.D. Ill. Dec. 4, 2001) (citing *Paper Exp., Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 755-56 (7th Cir. 1992)) (emphasis in original). While noting that the forum selection clause at issue is not drafted with absolute clarity,[7] the Court finds that the clause is mandatory.

The forum selection clause in this case states, in full:

> This agreement shall be governed by and construed in accordance with the laws of the state of Ohio with Holmes County, Ohio being the designated place of venue.

(Compl. Ex. A, at 13.) Another federal district court has held nearly identical language to be mandatory. In *Pong v. Am. Capital Holdings, Inc.*, 2007 WL 657790 (E.D. Cal. Feb. 28, 2007), the court was confronted with a clause stating:

> This note [. . .] shall be construed, governed and enforced in accordance with the laws of the State of Florida with venue being agreed to as Palm Beach County, Florida.

*Id.* at *2. The court found that the word "shall" and the phrase "venue being agreed to" "clearly indicate[d] that the clauses exclude[d] plaintiff from suing outside of Palm Beach County," and thus the clause was mandatory. *Id.* at *4. Upon motion, the court transferred the case to the Southern District of Florida. *Id.* at *8-9. This Court considers the forum selection clause in this case to be nearly identical to that in *Pong*—both use the word "shall," both explicitly refer to an agreed upon venue, and both use practically indistinguishable sentence construction.

Moreover, this case presents a stronger example of mandatory language than

---

[7] A clear example of a mandatory clause is: "All actions and proceedings arising out of or relating to this Agreement shall be heard and determined in a New York state or federal court sitting in Nassau County in the State of New York, and the parties hereto hereby irrevocably submit to the exclusive jurisdiction of such courts in any such action or proceeding and irrevocably waive the defense of an inconvenient forum to the maintenance of any such action or proceeding." *Carematrix of Mass., Inc. v. Kaplan*, 385 F. Supp. 2d 195, 198 (S.D.N.Y. 2005). A clear example of a permissive clause is: "New York shall be a forum where any cause of action arising under this Agreement may be instituted." *Louisiana Ice Cream Distrs., Inc. v. Carvel Corp.*, 821 F.2d 1031, 1032 (5th Cir. 1987).

7

*Pong* for three reasons. First, while the clause in *Pong* used the phrase "venue being agreed to," the clause at issue refers to "the designated place of venue." The adjective "designated" denotes that a thing is selected for a particular purpose. *See* Oxford English Dictionary (2008) (defining "designated" as "[t]o appoint, set apart, select, nominate for duty or office"); Webster's Universal College Dictionary (1997) (defining "designate" in the adjectival sense as "to nominate or select" or to "assign"). The fact that the parties chose Holmes County, Ohio as the "designated venue" indicates that they intended to select Holmes County as the only forum.

Second, while *Pong* refers to "venue," the clause in this case refers to "the" designated venue. Previous courts have noted that the absence of an indefinite article "a" or "an" implies that there is only one place of jurisdiction. *See, e.g.*, *Frietsch v. Refco, Inc.*, 56 F.3d 825, 829 (7th Cir. 1995). The clauses in *Pong* and this case do not have an indefinite article, and thus both imply that there is only one place of jurisdiction. However, the clause in this case goes beyond not using an indefinite article—it uses the *definite article* "the," which manifests an intent to designate a single, exclusive jurisdiction. *See* Webster's New World Dictionary and Thesaurus 815 (1997) ("the," when used before a noun, has a "specifying or particularizing effect"); *Top Branch Tree Serv. & Landscaping v. Omni Pinnacle, LLC*, 2007 WL 1234976, at *2 (E.D. La. Apr. 26, 2007). The fact that the parties reference "the" designated venue indicates that they intended to select Holmes County, Ohio as a venue exclusive of all others.

Finally, unlike in *Pong*, construing the forum selection clause in this case as permissive will render it superfluous. "In the construction of a contract courts should give effect, if possible, to every provision therein contained [. . .]." *Chelm Mgmt. Co. v. Wieland-Davco Corp.*, 23 F. App'x 430, 431 (6th Cir. 2001) (quoting *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 678 N.E.2d 519, 526 (Ohio 1997)). The purpose of a

8

permissive forum selection clause is to "authorize[] jurisdiction in the specified forum, but does not require that forum to be the exclusive venue for litigation." *Braman*, 2008 WL 611607, at *6. Under Ohio venue rules,[8] venue would be proper in a state court in Holmes County, Ohio under Ohio Rules of Civil Procedure 3(B)(3) or 3(B)(5).[9] Since venue in state court in Holmes County, Ohio is already authorized, however, the forum selection clause at issue, if construed only as permissive, serves no function whatsoever. The clause only has meaning if it is mandatory.

Plaintiff argues that the language of the clause is permissive because "[t]he clause does not contain any language indicating an intent on behalf of the parties to make venue exclusive," i.e., it does not contain the words "exclusive," "sole," or "only." (Pl. Suppl. Mem., at 5.) This argument is not convincing. First, the Sixth Circuit, and district courts sitting within the Sixth Circuit, have found forum selection clauses to be mandatory that do not contain the words "exclusive," "sole," or "only." Indeed, Plaintiff cites two of those cases in its supplemental memorandum. *See Gen. Elec. Co. v. Siempelkamp, GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994) ("Place of jurisdiction for all disputes arising in connection with the contract shall be at the principal place of business of the supplier."); *Travelers Prop. Casualty Cos. of Am. v. Centimark, Corp.*, 2005 WL 1038842, at *1 (S.D. Ohio May 3, 2005) ("Jurisdiction and venue of any dispute arising under or pursuant to the terms of this Warranty shall be vested in courts sitting in Washington County, Pennsylvania."). Second, the clause at issue *does* contain words of exclusivity, albeit not the words Plaintiff selects. The adjective "designated" and the use of "the" imply a single, particular forum. These words of exclusivity are strong evidence of the parties' intent to make the clause mandatory.

---

[8] The Court only examines Ohio venue statutes because the Court finds that the forum selection clause in this case unambiguously refers only to an Ohio state court in Holmes County, Ohio. *See* Section II.C.2, *infra*.

[9] Ohio Rule 3(B)(3) states that venue is proper in a county "in which the defendant has conducted activity which gives rise to the claim for relief." Ohio Rule 3(B)(5) states that venue is proper in the county "in which all or part of the claim for relief arises."

In short, the language of the forum selection clause at issue goes beyond merely "authoriz[ing] jurisdiction in a selected forum, such that the would-be defendant would have no objection to the forum were the plaintiff to choose it." *English Mountain Spring Water Co., Inc. v. AIDCO Int'l, Inc.*, 2007 WL 3378344, at *2 (E.D. Tenn. Nov. 13, 2007). Rather, the language manifests intent to select a specific forum. Thus, the Court will enforce the wishes of the parties and hold the forum selection clause in this case mandatory.

2. **Federal court versus state court**

The next issue for this Court's determination is whether Plaintiff may file this action in the federal court that encompasses Holmes County, Ohio.[10] This Court concludes that the plain language of the clause only allows for the suit to be filed in an Ohio state court located in Holmes County, Ohio.

The Sixth Circuit has not addressed the issue of whether a forum selection clause such as the one in this case allows an action to be brought in federal court. However, district courts sitting in the Sixth Circuit unanimously hold that, when a mandatory forum selection clause specifies a county in which no federal court sits, the clause refers only to state court in that county. *See, e.g.*, *Travelers Property*, 2005 WL 1038842, at *5 ("[W]here venue is specified in a county that has no federal court, the clause cannot reasonably be interpreted to permit suit in federal court located in a different county."); *Se. Commc'n Serv., Inc. v. Allstate Tower, Inc.*, 2008 WL 1746638, at *2 (W.D. Ky. Apr. 14, 2008); *Navickas v. Aircenter, Inc.*, 2003 WL

---

[10] Ohio enforces forum selection clauses as long as they are fairly bargained for and not unreasonable. *AGI Realty Serv. Group, Inc. v. Red Robin Int'l, Inc.*, 81 F.3d 160 (Table), 1996 WL 143465, at *2 (6th Cir. Mar. 28, 1996); *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 610 N.E.2d 987, 989 (Ohio 1993); *Barrett v. Picket Int'l, Inc.*, 589 N.E.2d 1372, 1374 (Ohio Ct. App. 1990); 22 Ohio Jur. 3d Courts and Judges § 249 ("[A] forum selection clause which is fairly bargained for and which is not the result of fraud will be enforced, provided that enforcement is reasonable at the time of litigation and does not deprive a litigant of his or her day in court."). Since Plaintiff has not asserted that the forum selection clause at issue is unreasonable or was obtained through coercion, this Court presumes its validity.

21212747, at *5 (E.D. Tenn. Apr. 10, 2003).[11] District courts outside the Sixth Circuit have overwhelmingly adopted this view as well. *See Sompo Japan Ins., Inc. v. Alarm Detection Sys., Inc.*, 2003 WL 21877615, at *2 (N.D. Ill. Aug. 6, 2003); *Relm Wireless Corp. v. C.P. Allstar Corp.*, 265 F. Supp. 2d 523, 524 (E.D. Pa. 2003); *First Nat'l of N. Am., LLC v. Peavy*, 2002 WL 449582, at *2 (N.D. Tex. Mar. 21, 2002); *N. Am. Air Force v. Rose*, 2001 WL 1155078, at *2 (N.D. Cal. Sept. 17, 2001); *Intermountain Sys., Inc. v. Edsall*, 575 F. Supp. 1195, 1198 (D. Colo. 1983); *Paolino v. Argyll Equities, LLC*, 2005 WL 2147931, at *4 n.2 (W.D. Tex. Aug. 31, 2005).

In this case, the forum selection clause unambiguously refers only to an Ohio state court because there is no federal court located in Holmes County, Ohio. The United States District Court for the Northern District of Ohio sits in Cleveland, Akron, Toledo, and Youngstown, which are located in Cuyahoga, Summit, Lucas, and Mahoning counties, respectively. *See* http://www.ohnd.uscourts.gov/About_the_Court/about_the_court.html. Since there is no federal court sitting in Holmes County, Ohio, the venue selection clause unambiguously refers to a state court located in Holmes County, Ohio as the designated venue for any action under the contract.

Plaintiff argues that, with respect to a forum selection clause requiring an action to be brought in a specific county, some courts have included the federal court with jurisdiction over that county as a viable venue. However, none of the cases Plaintiff cites support this

---

[11] *Travelers Property* is the only case of the three that did not dismiss the action after finding that the forum selection clause unambiguously referred only to state court. (The *Navickas* court dismissed the action after further briefing on the enforceability of the forum selection clause. *Navickas v. Aircenter, Inc.*, 2003 WL 21920947, at *1 (E.D. Tenn. May 23, 2003).) *Travelers Property* differs from the other two cases, however, because the defendant filed a motion to transfer under § 1404(a), not a motion to dismiss. While the court acknowledged that the clause at issue unambiguously referred to a state court in the designated forum, it declined to dismiss on the grounds that the "interests of justice" weighed against dismissing the case. 2005 WL 1038842, at *5-6. Instead, the court transferred to the federal court encompassing the designated state forum on the grounds that "the parties might choose to eschew reliance on the strict interpretation of the forum selection clause offered by Travelers and litigate in that court." *Id.* at *6. The defendants in *Allstate Tower*, *Navickas*, and this case, by contrast, filed only motions to dismiss, rendering inappropriate considerations of the "interests of justice" under § 1404(a).

proposition. *Links Design, Inc. v. Lahr*, 731 F. Supp. 1535 (M.D. Fla. 1990), involved a waiver of defendant's right to remove an action to federal court. *Id.* at 1536. Given the importance of the right to remove, the court held that any waiver must be "clear and unequivocal," and it construed the clause against plaintiff, the drafter the clause, because the language did not clearly and unequivocally waive the right to remove. *Id.* This case, however, does not involve a waiver of defendant's right to remove an action to federal court.

*Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Koski Constr. Co.*, 474 F. Supp. 370 (W.D. Pa. 1979), likewise is not relevant because the court held that the forum selection clause was permissive. *Id.* at 372. Thus, it never reached the issue of how to interpret the forum selection clause in the case. *See id.* at 372-73.

Finally, *Truserv Corp. v. Prices Ilfeld Hardware, Co., Inc.*, 2001 WL 1298718 (N.D. Ill. Oct. 24, 2001), is inapposite for two reasons. First, the court reached its interpretation in large part by construing the clause against the drafter. *Id.* at *2. In this case, Plaintiff drafted the clause. Second, the clause at issue in *Truserv* said that the agreement could be enforced "only in courts located in Cook County or any Illinois county contiguous to Cook County, Illinois." *Id.* A federal district court is located in Cook County, Illinois. In this case, by contrast, no federal district court is located in Holmes County, Ohio.

Therefore, since the venue selection clause unambiguously refers to an Ohio state court located in Holmes County, Ohio, Plaintiff has filed this action in an impermissible venue, i.e., the Northern District of Ohio. Accordingly, this case must be dismissed.

**III. CONCLUSION**

        For the aforementioned reasons, Defendant's Motion to Dismiss, treated as one made under Rule 12(b)(6), is **GRANTED**.

        **IT IS SO ORDERED**.

Dated: December 18, 2008

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**